Green, J.
delivered the opinion of the court.
By the act of 1801, c 30, § 1, it is enacted, that no bill of indictment shall be preferred to any grand jury in the state, without a prosecutor marked thereon.
By the second section it is enacted, that if a bill of indictment be preferred, contrary to the provisions of this act, the party so indicted may give the act in evidence, and the court shall order him to be discharged.
In the first place, it is insisted by the attorney general, that in this case there was a prosecutor marked on this indictment. The name of Jolin P. Thomas is written upon it twice, and where it first appears, it is said to be in the place, on the hack of the indictment, where the name of the prosecutor is usually marked, and is separated from the names of the witnesses who were sent to the grand jury by a black mark, and bonce it is inferred, that his name was there indorsed as prosecutor. This conjecture is probably true, but *240 whatever we might, as individuals, suppose was the ptirpose of the solicitor in indorsing this name, we cannot in our judicial character assume it to be the fact. It is not said on the indictment, that his name is put there as prosecutor, and we cannot infer, from the instance of a name without any memorandum showing the purpose for which it was wiitten, that i1 was thus marked as prosecutor.
2. But it is insisted by the attorney general, that this matter should have been pleaded in abatement, and if that be not done, it cannot be taken advantage of.
We are of opinion no plea in abatement was necessary, nor in fact could it have been pleaded. Here is the entire comission of a matter, which the statute declares to be essential to the validity of the indictment, and it may be taken advantage of at any time. But here the motion was made at the earliest possible time the matter could have been brought before the court. It would have been enough to produce the act in evidence to the court, and move to discharge the prisoner; but the motion to quash the indictment was perfectly formal, and was in effect the same thing.
It is said this construction of the act will be mischievous. If this be so,' the legislature should alter the law, so as to limit the right of the defendant to take this objection at the first term. This court cannot change it, for the act is plain and unambiguous, and it is our duty to enforce it. Reverse the judgment.
Judgment reversed.